```
1  MARCIE ISOM FITZSIMMONS (SBN: 226906)
   JOY JAEGER EHLERS (SBN: 232637)
2  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone: (415) 986-5900
4  Facsimile: (415) 986-8054
   misom@grsm.com
5  jehlers@grsm.com

6  Attorneys for Defendant
   SOUTHWEST AIRLINES CO.
7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| DONNA BERONIA, an individual, | CASE NO. |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)** |
| vs. | |
| SOUTHWEST AIRLINES CO., and DOES 1-50, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant SOUTHWEST AIRLINES COMPANY ("Southwest") hereby removes to this Court the state court action described below.

### THE PROCEDURAL REQUIREMENTS

### FOR REMOVAL ARE SATISFIED

1. On October 1, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled *Donna Beronia v. Southwest Airlines, Co., and DOES 1-50 inclusive,* Case No. 20CV371053 (hereinafter "the Action"). A copy of the summons and complaint are attached hereto as **Exhibit A**.

2. Plaintiff served the summons and complaint on Southwest on September 29, 2022. *See* **Exhibit A**. Accordingly, this Notice is timely under 28 U.S.C. §1446(b).

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2) because this Action is currently pending in the State of California, County of Santa Clara, which is the same venue for this Court.

4. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, without exhibits, will be promptly served on Plaintiff.

5. A copy of this Notice of Removal, without exhibits, will also be filed with the Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

## THIS COURT HAS DIVERSITY JURISDICTION

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Southwest pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs because Plaintiff, a former gate agent for Southwest, is claiming to have suffered general and special damages, ongoing emotional distress and mental anguish damages and punitive damages. (Complaint, ¶¶ 21-23, 25-28, 30-33, 37-39; see also Prayer for Relief letters a-e.)

7. Complete diversity of citizenship exists in that: Plaintiff is a citizen of the State of California; and Defendant Southwest was and is a corporation incorporated under the laws of the State of Texas with its principal place of business in the State of Texas.

8. Accordingly, the district court's jurisdiction under 28 U.S.C. §1332(d) existed at the time Plaintiff filed her Complaint, and its jurisdiction exists now.

9. If any questions arise as to the propriety of the removal of this Action, Southwest requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Southwest's rights to assert any procedural or substantive defense available under state or federal law.

**WHEREFORE,** Southwest respectfully removes this Action from the Superior Court of Santa Clara to this Court, pursuant to 28 U.S.C. §1441.

Dated:  October 31, 2022             GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Marcie Isom Fitzsimmons
Joy Jaeger Ehlers
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

SOUTHWEST AIRLINES, CO. and DOES-50

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

DONNA BERONIA


ENDORSED
FILED
OCT 0 1 2020
Clerk of the Court
Superior Court of CA County of Santa Clara
BY Y. CHAVEZ, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: SANTA CLARA COUNTY SUPERIOR COURT
(El nombre y dirección de la corte es): 191 N. FIRST ST., SAN JOSE, CA 95113

CASE NUMBER (Número del Caso): 20CV371053

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
DONNA BERONIA, in pro per, 918-C 3RD STREET, SANTA CRUZ, CA 95060  (831)239-4590

DATE: OCT 01 2020   Clerk of the Court   Clerk, by Y. CHAVEZ, Deputy
(Fecha)   (Secretario)   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov



ENDORSED
FILED
OCT 0 1 2020
Clerk of the Court
Superior Court of CA County of Santa Clara
_____ DEPUTY

1  Donna Beronia, In Pro Per
   918-C 3rd Street
2  Santa Cruz, CA 95060
   831-239-4590
3  dberonia@gmail.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| DONNA BERONIA,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO. AND DOES 1-50,<br><br>Defendant | Case No.: **20CV371053**<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;**<br><br>**(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Donna Beronia, on the basis of personal knowledge and/or information and belief, alleges the following:

## SUMMARY

This is an action by plaintiff, Donna Beronia, whose employment with defendant Southwest Airlines, Co. was wrongfully terminated three separate times, along with a pattern of harassment and mistreatment for a period of nineteen months between the first and last terminations. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section3294, pre-judgment interest pursuant to Code of Civil Procedure section3291, and costs.

//

COMPLAINT FOR DAMAGES FOR:(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITYJURY TRIAL DEMANDED - 1

## PARTIES

1. Plaintiff: Donna Beronia is, and at all times mentioned in this Complaint was, a resident of the County of Santa Cruz, California.

2. Defendants: Defendant Southwest Airlines, Co. Is, and at all relevant times mentioned herein, a Texas Corporation doing business in California, including at San Jose Mineta Airport and the County of Santa Clara, where most of the alleged misconduct alleged herein took place.

3. Plaintiff is ignorant of the true names, capacities, and relationships of defendants Does 1-50, but is informed and believes some or all of these defendants are legally responsible for the alleged misconduct herein, and therefore sues these defendants by fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of these defendants once their identities are ascertained.

4. All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised dominion and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

///
///
///

COMPLAINT FOR DAMAGES FOR:(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITYJURY TRIAL DEMANDED - 2

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes the monetary damages and restitution sought in this complaint exceeds the jurisdictional limits of Superior Court.

6. Venue is proper is this judicial district as liability arose within Santa Clara County because most of the transactions and events took place within Santa Clara County, and/or each defendants can be found, transacts business, maintains offices, and/or has an agent therein.

## FACTAUL ALLEGATIONS

7. Plaintiff was hired by Southwest Airlines, Co. (hereafter "Southwest" or "defendant") on or about August 24, 2015 as a Gate Agent. Up until she was assaulted by a co-worker on August 3, 2018, plaintiff excelled at her position, performed her duties at or above expectations, and was well-liked by co-workers and customers. Prior to the assault on August 3, 2018, plaintiff had never been reprimanded, and had perfect job attendance.

8. On August 3, 2018, while attending a company picnic in Gilroy, CA, plaintiff was assaulted by a co-worker. Plaintiff was sitting at a cement picnic table when the co-worker came up from behind, grabbed plaintiff's head, and repeatedly slammed her her head and face into the picnic table, and then took her to the ground where the assault continued until broken up by other co-workers. Plaintiff suffered injuries to her face, head, knees and back.

9. On September 22, 2018, Southwest suspended plaintiff without pay for "fighting in the workplace." On September 24, 2018, Southwest then terminated plaintiff's employment based on a policy of "zero tolerance for violence in the workplace," even though plaintiff was assaulted from behind. This was not a "fight." Ironically, plaintiff filed a workers' compensation claim, which was denied by Southwest Airlines on the basis the incident did not happen at work!

10. Plaintiff filed a grievance through her union, which resulted in her reinstatement on or about October 31, 2018. Soon thereafter, Southwest began their pattern of harassment and retaliation against plaintiff. She was put under additional and uncommon job performance scrutiny by supervisors, given unfavorable

COMPLAINT FOR DAMAGES FOR:(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITYJURY TRIAL DEMANDED - 3

1  schedules, and was made to feel she was now a "problem" employee rather than the victim of an assault that could
2  have resulted in death or permanent serious injury.
3       11. On or about Deember 5, 2019, plaintiff was reprimanded for a "weight and balance" issue
4  with an airplane, even though she had been told by both a dispatcher and a manager there was no need to change
5  anything in regards to the weight and balance on the flight. This was the first concrete action by Southwest that
6  made it clear they were now intent on building a case to again wrongfully terminate plaintiff.
7       12. For the ensuing months, plaintiff was subjected to unwarranted criticism of her job
8  performance and harassment, which never occurred prior to her being assaulted. Despite this, plaintiff continued to
9  excel at her job, and received support from co-workers and pilots.
10      13. On or about April 11, 2019, plaintiff was given a Letter of Warning for not taking over an
11 assigned flight. Even though this was done by a supervisor, plaintiff was blamed and was written up for it.
12      14. On or about June 19, 2019, plaintiff was given a Final Letter of Warning after four pieces
13 of luggage left behind after the plane reached its destination. According to their contract, there should have been a
14 Fact Finding done before a Warning Letter issued. Instead, Southwest did the Fact Finding days after the Letter of
15 Warning in order to justify their wrongful action. It was increasingly clear to plaintiff that Southwest was doing
16 anything they could to justify another termination.
17      15. In early July 2019, plaintiff was given another reprimand for a weight and balance issue.
18 Since she had already received a Final Letter of Warning in June, this latest action by Southwest led to plaintiff's
19 second termination later in July 2019.
20      16. Plaintiff filed another grievance through her union, which again resulted in her
21 reinstatement to employment on or about December 22, 2019. Plaintiff was again subjected to regular unwarranted
22 scrutiny and harassment by her manager and supervisors, yet she continued to perform her job at a high level
23 according to customers, co-workers, and pilots.
24      17. On February 21, 2020, plaintiff was advised she was again being suspended, but no
25 reason was given. On February 25, 2020, she was advised there would be a Fact Finding, and that her suspension
26 would continue with pay. On March 3, 2020, she was given a Final Letter of Warning again mentioning "fighting"
27 COMPLAINT FOR DAMAGES FOR:(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC
   POLICY ;(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;(3) INTENTIONAL INFLICTION OF
28 EMOTIONAL DISTRESS;(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITYJURY TRIAL
   DEMANDED - 4

1  and also alleging she used abusive language towards customers and/or co-workers, which plaintiff categorically
2  denies. A supervisor had overheard plaintiff talking to a co-worker about her rights under the union contract, which
3  the supervisor told plaintiff was detrimental to Southwest. This is the only incident plaintiff can think of which may
4  have been interpreted by Southwest as being "abusive."

5      18.    On March 11, 2020, only eight days after her latest Letter of Warning, Southwest
6  demanded plaintiff take a random drug test, which she did. On April 1, 2020, Southwest again terminated plaintiff
7  for failing the drug test, which allegedly came back positive for cocaine. Plaintiff was discouraged by her labor rep
8  and union from pursuing another grievance, so she decided to not pursue reinstatement with an employer who
9  clearly would do whatever they could to continue terminating her.

## FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

12      19.    The allegations set forth in paragraphs 1 through 18 are re-alleged and incorporated
13  herein by reference.

14      20.    Defendants terminated plaintiff's employment in violation of various fundamental
15  public policies underlying both state and federal law, including the Article I, Section 8 of the California
16  Constitution.

17      21.    As a proximate result of defendants' wrongful termination of plaintiff's
18  employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation,
19  emotional distress, shock, fright, and mental and physical pain and anguish, all to her damage in a sum according to
20  proof at trial.

21      22.    As a result of defendants' wrongful termination of her employment, plaintiff has suffered
22  general and special damages in sums according to proof.

23      23.    Defendants' wrongful termination of plaintiff's employment was done intentionally,
24  in a malicious, fraudulent, oppressive, and fraudulent manner, entitling plaintiff to punitive and exemplary
25  damages in a sum appropriate to punish defendants and to make an example of them.

## SECOND CAUSE OF ACTION

COMPLAINT FOR DAMAGES FOR:(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITYJURY TRIAL DEMANDED - 5

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. The allegations set forth in paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted negligent, if not severe and outrageous, misconduct and caused plaintiff extreme emotional distress.

26. Defendants were aware, or should have been aware, that treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood, would devastate plaintiff and cause her extreme hardship ad anguish.

27. As a proximate result of defendants' negligent and/or extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

28. As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to hr damage in a sum according to proof.

### THIRD CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. The allegations set forth in paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30. Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted intentional, severe and outrageous misconduct and caused plaintiff extreme emotional distress.

31. Defendants intentionally engaged in a pattern of conduct to harass plaintiff following her assault, and were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood, would devastate plaintiff and cause her extreme hardship ad anguish.

32. As a proximate result of defendants' intentional, extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

COMPLAINT FOR DAMAGES FOR:(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITYJURY TRIAL DEMANDED - 6

33. As a proximate result of defendants' intentional, extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to hr damage in a sum according to proof.

### FOURTH CAUSE OF ACTION

### RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

34. The allegations set forth in paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

35. Plaintiff's union grievances, and her discussions with co-workers regarding their union rights, were motivating factors in defendants' decisions to harass, reprimand, suspend, and terminate plaintiff's employment on three different occasions, after three years of a spotless employment record.

36. Engaging the union grievance process, and discussing union rights with co-workers, are protected activities under state and federal law.

37. As a proximate result of defendants' willful, knowing, and intentional harassment and retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

38. As a proximate result of defendants' willful, knowing, and intentional harassment and retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

39. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Donna Beronia, prays for judgment against defendants as follows:

a. For general and special damages according to proof;

b. For punitive and exemplary damages, according to proof;

c. For pre-judgment and post-judgment interest on all damages awarded;

d. For costs of suit incurred;

COMPLAINT FOR DAMAGES FOR:(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITYJURY TRIAL DEMANDED - 7

e. For such other and further relief as the Court may deem just and proper

Dated this 24th of September, 2020.

_____
Donna Beronia, Plaintiff in pro per

COMPLAINT FOR DAMAGES FOR:(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;(4) RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY JURY TRIAL DEMANDED - 8

**From:** sop@cscglobal.com <sop@cscglobal.com>
**Sent:** Monday, October 3, 2022 8:53 AM
**To:** Katelyn Brown <Katelyn.Brown@wnco.com>
**Subject:** EXTERNAL - Notice of Service of Process - Transmittal Number:25655615

**Caution:** *Sender is from outside SWA. Take caution before opening links/attachments or replying with sensitive data. Learn how to report suspicious emails by searching 'PhishAlarm' on SWALife.*



**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number: 25655615**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Southwest Airlines Co. |
| **Entity I.D. Number:** | 0542758 |
| **Entity Served:** | Southwest Airlines Co. |
| **Title of Action:** | Donna Beronia vs. Southwest Airlines Co. |
| **Matter Name/ID:** | Donna Beronia vs. Southwest Airlines Co. (13020603) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Santa Clara County Superior Court, California |
| **Case/Reference No:** | 20CV371053 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC** | 09/29/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**

Donna Beronia
831-239-4590

**Primary Contact:**
Kerrie Forbes HDQ-4GC
Southwest Airlines Co.

**Electronic copy provided to:**
Ashley Cole
Katelyn Brown
Cailey Ursin
Tawnye Parks
Chrishawn Booker
Teri Lambert
Crysten Mosher

**NOTES:**

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882   |   sop@cscglobal.com**

**CERTIFICATE OF SERVICE**
*Donna Beronia v. Southwest Airlines, Co., et al.*
USDC Northern District of California – San Jose Division, Case No.: _____

I am a resident of the State of California and the United States of America, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the date below, I served the within documents:

1. **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**
2. **CIVIL COVER SHEET (USDC)**

[X] **Via Email**: By transmitting via electronic mail the document(s) listed above to the email address(es) set forth below. During the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

[ ] **Via FedEx:** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

[X] **Via U.S. Mail:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

*Plaintiff, In Pro Per*

Donna Beronia
918-C 3rd Street
Santa Cruz, CA  95060
dberonia@gmail.com
I
I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on **October 31, 2022** at Oakland, California.

                                                                                      Paul A. Parks