1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    DONNA BERONIA,                              Case No.  22-cv-06699-AMO

            Plaintiff,
8
                                                 **ORDER GRANTING MOTION TO**
9        v.                                      **DISMISS**

10   SOUTHWEST AIRLINES CO.,                      Re: Dkt. No. 6

            Defendant.
11

12

13         This is an employment case.  Before the Court is Defendant Southwest Airlines Co.'s

14   ("Southwest") motion to dismiss.  The matter is fully briefed and suitable for decision without oral

15   argument.  *See* Civil L.R. 7-6.  Having read the parties' papers and carefully considered their

16   arguments and the relevant legal authority, the Court hereby **GRANTS** Southwest's Motion for

17   the following reasons.

18                                    **BACKGROUND**

19         Southwest employed Plaintiff Donna Beronia as an Operations Agent for Southwest at San

20   Jose Mineta Airport from August 24, 2015, until her termination on April 1, 2020.  Compl. (ECF

21   1) ¶¶ 7, 18.[1]  On August 3, 2018, a co-worker assaulted Beronia at a company picnic in Gilroy,

22   California.  Compl. ¶ 8.  Southwest suspended Beronia without pay following the assault for

23   "fighting in the workplace," but Southwest reinstated her a month later after she filed a grievance

24   through her union.  Compl. ¶¶ 9-10.  In the months that followed, Beronia received several

25   reprimands and disciplinary actions for her work, which led to her termination.  Compl. ¶ 11-15.

26

27   ───────────────
     [1] To properly assess the motions to dismiss, the Court accepts as true and draws from the
28   allegations in the Complaint.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,
     1031 (9th Cir. 2008).

*United States District Court*
*Northern District of California*

1    Beronia again filed a grievance through her union, which led to her reinstatement.  Compl. ¶ 16.

2    Upon reinstatement, Beronia received further reprimands and disciplinary actions.  Compl. ¶¶ 16-

3    17.

4         On March 11, 2020, Southwest randomly drug tested Beronia, which is required under

5    federal rules and regulations applicable to airline employees working in safety-sensitive positions.

6    Compl. ¶ 18; 49 U.S.C. § 45102(a); 49 C.F.R. part 40 and 14 C.F.R. part 120.  Southwest

7    terminated her after the test results came back positive for cocaine.  Compl. ¶ 18.

8         Beronia initiated this lawsuit against Southwest in the Superior Court of the State of

9    California for the County of Santa Clara on October 1, 2020, but she did not serve the complaint

10   on Southwest until September 29, 2022.  *See* ECF 1.  Southwest removed the case to the U.S.

11   District Court on October 31, 2022.  Beronia advances the following causes of action in the

12   Complaint: (1) wrongful termination in violation of public policy, (2) negligent infliction of

13   emotional distress, (3) intentional infliction of emotional distress, and (4) retaliation for engaging

14   in protected activity.

15                                 **DISCUSSION**

16        Southwest moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint

17   for failure to state a claim.  After setting forth the legal standard for its consideration of such a

18   motion, the Court considers the sufficiency of the pleading regarding each of Beronia's causes of

19   action.

20   **A.    Legal Standard**

21        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal

22   sufficiency of the claims alleged in the complaint.  *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th

23   Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that a complaint include a

24   "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ.

25   P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a

26   cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.

27   *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

28        While the court is to accept as true all the factual allegations in the complaint, legally

United States District Court
Northern District of California

2

1    conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft*

2    *v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim

3    for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59

4    (2007) (citations and quotations omitted). A claim is facially plausible when the "plaintiff pleads

5    factual content that allows the court to draw the reasonable inference that the defendant is liable

6    for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded

7    facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

8    has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.

9    **B.      Analysis**

10   Beronia alleges four causes of action against Southwest: (1) wrongful termination in

11   violation of public policy; (2) negligent infliction of emotional distress ("NIED"); (3) intentional

12   infliction of emotional distress ("IIED"); and (4) retaliation. The Court analyzes the sufficiency of

13   Beronia's claims in turn.

14   **1.      Wrongful Termination in Violation of Public Policy**

15   To establish a claim for wrongful termination in violation of public policy, a plaintiff must

16   show: (1) an employer-employee relationship; (2) she was terminated (or suffered some other

17   adverse action); (3) the termination violated a public policy (a "nexus" exists between the

18   termination and the employee's protected activity); (4) the termination was the legal cause of the

19   plaintiff's damages; and (5) the nature and extent of the damages. *Holmes v. General Dynamics*

20   *Corp.*, 17 Cal. App. 4th 1418, 1426 (1993).   California courts have held that vague charges of

21   illegal activities "unaccompanied by citations to specific statutes or constitutional provisions" do

22   not support wrongful termination claims. *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1257

23   (1994). Such charges are insufficient because they put the defendant and the court "in the position

24   of having to guess at the nature of the public policies involved, if any." *Id.* at 1257; *Esberg v.*

25   *Union Oil Co.*, 28 Cal. 4th 262, 271 (2002) (concluding that employers must have adequate notice

26   of the conduct that will subject them to tort liability for wrongful discharge). It is the plaintiff's

27   burden to provide the specific statutes and regulations on which the wrongful termination claim is

28   based. *Green v. Ralee Eng. Co.*, 19 Cal. 4th 66, 84 (1998).

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    Beronia contends that Southwest terminated her in "violation of various fundamental

2    public policies underlying both state and federal law" including "Article 1, Section 8 of the

3    California Constitution."  Compl. ¶ 20.  This section of the California Constitution holds that "a

4    person may not be disqualified from entering or pursuing a business, profession, vocation, or

5    employment because of sex, race, creed, color, or national or ethnic origin."  Cal. Const. Art. 1,

6    § 8; *see also Phillips v. St. Mary Regional Medical Center*, 96 Cal. App. 4th 218 (2002).  The

7    Complaint, however, contains no factual allegations to suggest that the decision to terminate

8    Plaintiff was motivated by her membership in any protected class.  Beronia has failed to allege

9    that she was subjected to racist or sexist comments or conduct by anyone at Southwest.  Because

10   Beronia's allegations are insufficient to invoke the California Constitution, and because there is no

11   other statutory basis asserted, the Court finds Beronia's claim too vague to state a claim for

12   wrongful termination in violation of public policy.  However, because Beronia presents several

13   policy grounds under which she intends to proceed if granted leave to amend, the Court will grant

14   leave to amend.  In any amended complaint, Beronia shall specify all the legal bases underlying

15   this claim.

16        **2.        Negligent Infliction of Emotional Distress**

17        "The law of negligent infliction of emotional distress in California is typically analyzed . . .

18   by reference to two 'theories' of recovery: the 'bystander' theory and the 'direct victim' theory."

19   *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1071 (1992).  "The distinction between the

20   'bystander' and 'direct victim' cases is found in the source of the duty owed by the defendant to

21   the plaintiff."  *Id.* at 1272.  "Bystander" cases are those in which the plaintiff's claim of emotional

22   distress "is premised upon a defendant's violation of a duty not to negligently cause emotional

23   distress to people who observe conduct which causes harm to another."  *Id.*  "'Direct victim' cases

24   are cases in which the plaintiff's claim of emotional distress is not based upon witnessing an

25   injury to someone else, but rather is based upon the violation of a duty owed directly to the

26   plaintiff."  *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 205 (2012) (citation and

27   internal quotation marks omitted).

28        Beronia does not specify the theory under which she brings her claim for NIED, but the

4

United States District Court
Northern District of California

1    argument presented in her opposition brief suggests that she proceeds under a direct victim theory

2    for tortious conduct done to her.  See Opp. Br. at 5-6.  "In its decisions addressing the direct

3    victim theory, the California Supreme Court has emphasized that there is no independent tort of

4    negligent infliction of emotional distress." *Gu v. BMW of N. Am., LLC*, 132 Cal. App. 4th 195,

5    204 (2005) (quotations omitted, collecting cases).  Instead, "the tort is negligence, a cause of

6    action in which duty to the plaintiff is an essential element." *Id.* (quoting *Potter v. Firestone Tire*

7    *& Rubber Co.*, 6 Cal. 4th 965, 984 (1993)).

8         "[U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of

9    the plaintiff is an object, recovery is available only if the emotional distress arises out of the

10   defendant's breach of some other legal duty and the emotional distress is proximately caused by

11   that breach of duty." *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 961 (9th Cir. 2013) (quoting

12   *Potter*, 6 Cal. 4th at 985).  Courts have rejected NIED claims resulting from employment

13   terminations because "an employer's supervisory conduct is inherently intentional," not negligent.

14   *Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (1990).  Courts reason that an employer's

15   supervisory conduct, including terminations, are intentional decisions that do not support an NIED

16   claim.  *Edwards v. United States Fid. & Guaranty Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994);

17   *see also Semore*, 217 Cal. App. 3d at 1105.

18        Here, Beronia fails to allege negligence because she only complains of intentional

19   supervisory conduct, including warnings issued to her and consideration of her grievances.

20   Beronia's termination cannot support a claim for negligence because Southwest intentionally

21   terminated her following her failed drug test, which Beronia does not dispute.  Compl. ¶ 18.

22   Further, Beronia fails to identify the duty owed to her by Southwest and accordingly fails to allege

23   negligent conduct on the part of Southwest.

24        Beronia argues that she states a claim for both IIED and NIED but fails to acknowledge the

25   distinct pleading standards for the two claims.  *See* Opp. Br. at 8-9 (citing *Onelum v. Best Buy*

26   *Stores L.P.*, 948 F. Supp. 2d 1048, 1050 (C.D. Cal. 2013)).  Beronia's reliance on *Onelum* fails,

27   moreover, because that case did not involve a claim for NIED or negligence.  *Onelum* only

28   involved a claim for IIED, and therefore does not support the sufficiency of her pleading for

1    NIED.  In sum, the Court must dismiss Beronia's cause of action for NIED.

2              **3.      Intentional Infliction of Emotional Distress**

3         Southwest challenges Beronia's cause of action for intentional infliction of emotional

4    distress on two bases: (a) the insufficiency of Beronia's pleading and (b) the California Worker's

5    Compensation Exclusivity bar for damages arising from the employment relationship.  The Court

6    addresses these two grounds for dismissal of the claim in turn.

7              **a.      Sufficiency of Pleading IIED**

8         To state a prima facie claim for IIED, a plaintiff must allege the following elements:

9    "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

10   disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

11   extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

12   defendant's outrageous conduct." *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991).  The

13   first element requires a significant showing: "[a] defendant's conduct is 'outrageous' when it is so

14   extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v.*

15   *Pair*, 46 Cal. 4th 1035, 1050-51 (2009) (quotation marks and citation omitted).  A plaintiff must

16   plausibly allege that the defendant's conduct was intended to inflict injury or that the defendant

17   engaged in the conduct with the realization injury would result.  *Id.* at 1051.  Claims of IIED based

18   on employment-based conduct often falls short of this standard; for example, firing an employee

19   by itself does not constitute "outrageous" conduct, even if the firing was without cause.  *Buscemi*

20   *v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984).  Likewise, discipline and

21   criticism that are a normal part of the employment relationship do not constitute "outrageous

22   conduct, even if intentional and malicious." *Lawler v. Montblanc North America, LLC*, 704 F.3d

23   1235, 1245-46 (9th Cir. 2013).

24        Here, Beronia's allegations consist solely of complaints regarding personnel decisions,

25   which are insufficient to support the first element of her prima facie case, extreme and outrageous

26   conduct by Southwest.  Compl. ¶¶ 9-17; *Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 64-65

27   (1996) ("commonly necessary personnel management actions" do not rise to the level of "extreme

28   and outrageous" as a matter of law).  Further, Southwest's termination of Beronia for testing

United States District Court
Northern District of California

6

1    positive for cocaine complied with federal regulations applicable to her position.  49 C.F.R. part

2    40; 14 C.F.R. part 120.  Beronia does not and cannot establish that her termination for cause in

3    accordance with federal regulations constituted outrageous conduct.  Given the absence of any

4    facts showing outrageous conduct by Southwest, the Court must also dismiss Beronia's cause of

5    action for IIED.

6        Beronia argues that the California Supreme Court's opinion in *Alcorn v. Anbro*

7    *Engineering, Inc.*, 2 Cal. 3d 493 (1970), supports her claim for IIED.  Not so.  The *Alcorn* court

8    held that a reasonable finder of fact could find extreme and outrageous conduct where the

9    plaintiff's supervisor yelled at him using racial slurs immediately before terminating him.  *Id.* at

10   496-97.  In contrast to such overt discrimination, Beronia complains of a 2018 physical assault by

11   a co-worker at an offsite event that is attenuated from her ultimate termination by multiple

12   terminations and re-hirings in the intervening years.  Compl. ¶¶ 9-17.  Such conduct by Southwest

13   does not reach the level of extreme and outrageous.

### b.    California Worker's Compensation Exclusivity Bar

15       Beyond the insufficiency of Beronia's factual allegations, her IIED claim is also barred by

16   California's Worker's Compensation Exclusivity.  California Labor Code section 3600(a) makes

17   the worker's compensation system the sole remedy "for any injury sustained by . . . employees

18   arising out of and in the course of the employment."  Courts have found, based on this sole

19   remedy, that a plaintiff cannot bring a common law IIED claim for "ordinary employer conduct

20   that intentionally, knowingly or recklessly harms an employee."  *Fermino v. Fedco, Inc.*, 7 Cal.

21   4th 701, 714 (1994).  "That limitation does not apply, however, when the 'injury is a result of

22   conduct, whether in the form of discharge or otherwise, not seen as reasonably coming within the

23   compensation bargain.'"  *Kovatch v. Cal. Cas. Mgmt. Co.*, 65 Cal. App. 4th 1256, 1277 (1998).

24   Said differently, California courts have held that that the Worker's Compensation Act bars IIED

25   claims except where the employer's conduct contravenes fundamental public policy or where the

26   employer's conduct falls outside the normal risks of the employment relationship.  *Light v. Dep't*

27   *of Parks & Recreation*, 14 Cal. App. 5th 75, 97 (2017); *see also Livitsanos v. Superior Court*, 2

28   Cal. 4th 744, 754-55 (1992) (if "the employer's conduct neither contravenes fundamental public

United States District Court
Northern District of California

7

1   policy nor exceeds the inherent risks of the employment," it is not actionable in a civil suit).

2          First, as discussed above, Beronia fails to identify how Southwest's conduct contravenes

3   fundamental public policy.  Southwest's termination of Beronia following her positive drug test

4   generally comports with public policy because the termination resulted from the airline's

5   compliance with federal regulations.  *See* 49 C.F.R. part 40; 14 C.F.R. part 120.  While she

6   contends in her opposition brief that Southwest engaged in discriminatory conduct, which would

7   contravene public policy, Beronia does not identify any instance in which Southwest treated her

8   differently based on her membership in a protected class.  *See* Compl. ¶ 20; *cf. Light*, 14 Cal. App.

9   5th at 97 (discussing how discriminatory practices fall outside worker's compensation

10  exclusivity).  For the same reasons that Beronia cannot state a claim for wrongful termination in

11  violation of public policy, discussed above, she cannot establish that her IIED claim falls within

12  the public policy exception to the exclusivity requirements of the worker's compensation scheme.

13         Second, Beronia has not alleged conduct on the part of Southwest that falls outside the

14  normal bounds of employment.  "Emotional distress caused by misconduct in employment

15  relations involving, for example, promotions, demotions, criticism of work practices, negotiations

16  as to grievances, is a normal part of the employment environment."  *Light*, 14 Cal. App. 5th at 98

17  (quotation marks and citation omitted).  Beronia complains about Southwest's criticism of her job

18  performance, discipline for purported errors, and treatment of her grievances, but these fall within

19  the normal bounds of the employment relationship.  Compl. ¶¶ 10-18.  On this basis as well,

20  Beronia fails to establish that her IIED claim falls within an exception to the exclusivity

21  requirements of the worker's compensation scheme.

22         In sum, Beronia's IIED claim must be dismissed because the allegations of Southwest's

23  conduct between 2018 and 2020 constitute personnel management actions that fall well short of

24  the standard for extreme and outrageous conduct.  Further, Beronia's IIED claim must be

25  dismissed because it is barred by the exclusive remedy provisions of California's worker's

26  compensation scheme.

27         **4.      Retaliation**

28         Beronia alleges that Southwest retaliated against her for engaging in her union's grievance

United States District Court
Northern District of California

1   process and for discussing union rights with her co-workers, but she does not specify the legal

2   basis for her retaliation claim in her Complaint.  Compl. ¶¶ 35-39 (describing Beronia's fourth

3   cause of action of "retaliation for engaging in protected activity" without reference to a statutory

4   or common law basis for such a claim).  Beronia then argues in opposition to Southwest's Motion

5   that her claim for retaliation relies on the policy embedded in California's Fair Employment and

6   Housing Act ("FEHA").  *See* Opp. Br. at 12 (citing Cal. Govt. Code § 12940 et seq.).  In so

7   arguing, Beronia improperly seeks to amend the Complaint through her opposition brief.  *See*

8   *Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019) ("the

9   complaint may not be amended by briefs in opposition to a motion to dismiss.").  Nonetheless,

10   because Beronia is entitled to a liberal construction of her pleadings, the Court examines her

11   retaliation claim as if brought under FEHA.[2].

12        Construed as a FEHA retaliation claim, Beronia's claim fails for lack of administrative

13   exhaustion.  Beronia fails to allege any facts showing that she filed a timely charge and received a

14   right-to-sue notice from the Department of Fair Employment and Housing or the U.S. Equal

15   Employment Opportunity Commission for her retaliation claim before initiating this lawsuit.  *See*

16   *Holland v. Union Pac. R.R. Co.*, 154 Cal. App. 4th 940, 945 (2007); *Jasch v. Potter*, 302 F.3d

17   1092, 1094 (9th Cir. 2002).  Indeed, Beronia acknowledges that she did not administratively

18   exhaust her retaliation claim – her opposition brief concedes that she does not intend to proceed

19   with retaliation as a separate cause of action.  Opp. Br. at 11-13.  She argues instead that

20   Southwest violated the public policy embedded in FEHA's retaliation provision, and it is the

21   violation of this policy that gives rise to her claim for wrongful termination in violation of public

22   policy.  *Id.*  While Beronia may be correct that she need not exhaust administrative remedies for

23   retaliation if she proceeds on a cause of action for wrongful termination in violation of public

24

25   [2] Beronia's Complaint additionally suggests without clearly stating that she intends to pursue a
     claim for retaliation under the National Labor Relations Act ("NLRA") based on her union-based

26   activity.  Compl. ¶¶ 35-36.  Employees seeking to vindicate their collective bargaining rights in
     federal court must bring a hybrid action alleging that the employer breached the agreement and

27   that the union breached its duty of fair representation, and such action must be filed within six
     months of the conclusion of the contractual grievance process.  *See Farr v. Pac. Gas & Elec. Co.*,

28   No. 21-CV-08099-JSW, 2022 WL 1188866, at *3 (N.D. Cal. Apr. 21, 2022).  Given the facts
     pleaded and the parties involved, Beronia may not pursue a claim for retaliation under the NLRA.

United States District Court
Northern District of California

policy, *Stevenson v. Superior Ct.*, 16 Cal. 4th 880, 904-05 (1997), she cannot state a claim for retaliation under FEHA without administrative exhaustion.  The Court must therefore dismiss the retaliation claim with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Southwest's motion to dismiss the Complaint.  Beronia may file an amended complaint within 30 days from the date of this order. Beronia may not amend her retaliation cause of action, as it is DISMISSED WITH PREJUDICE. No new claims or parties may added without consent of Defendant or leave of court.

**IT IS SO ORDERED.**

Dated: March 19, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California