UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA BERONIA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>    Defendant. | Case No. 22-cv-06699-AMO<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 34 |

Before the Court is Defendant Southwest Airlines Co.'s ("SWA") motion to dismiss the First Amended Complaint ("FAC"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for August 1, 2024, was vacated. *See* Civil L.R. 7-6. This order assumes familiarity with the facts, the applicable legal standards, and the arguments made by the parties. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the motion for the following reasons.

Plaintiff's FAC asserts a single cause of action for wrongful termination in violation of public policy. FAC ¶¶ 42-55. In the order granting SWA's first motion to dismiss, the Court stated that Plaintiff's cause of action for wrongful termination in violation of public policy was "too vague to state a claim" and that in any amended complaint, Plaintiff "shall specify all the legal bases underlying" her wrongful termination claim. *See* ECF 32 at 4. In the FAC, Plaintiff cites to three public policies to support her wrongful termination claim: (1) violation of Government Code section 12940(h); (2) violation of Labor Code section 230(c); and (3) violation of the California Code of Regulations, Title 2, section 11009(c). FAC ¶¶ 39, 46. The Court considers the sufficiency of these policies in support of the wrongful termination claim in turn.

1    First, Plaintiff's attempt to rely on California Government Code section 12940(h), the retaliation provision of California's Fair Employment and Housing Act ("FEHA"), fails because she does not allege any facts to show that she "opposed" an employment practice made unlawful by FEHA or that she filed a complaint related to a characteristic protected by FEHA. *See* Gov. Code §§ 12926, 12940(a). Without these facts, Plaintiff cannot use Section 12940(h) to support her claim of wrongful termination in violation of public policy. *Yanowitz v. L'Oreal, Inc.*, 36 Cal. 4th 1028, 1046 (2005) (finding that an employee's unstated belief that an employer engaged in discrimination does not suffice to establish protected conduct under FEHA).

Second, Plaintiff's assertion that California Labor Code section 230(c) supports her wrongful termination claim is similarly fails. Section 230(c) provides that "An employer shall not discharge or in any manner discriminate or retaliate against an employee who is a victim of domestic violence, sexual assault, or stalking for taking time off from work to obtain or attempt to obtain any relief." The FAC contains no factual allegations to suggest that the decision to terminate Plaintiff was motivated by her being the victim of domestic violence or requesting time off work to obtain relief for domestic violence. Thus, Plaintiff's allegations are insufficient to invoke Section 230(c) to support her wrongful termination claim.

Third, Plaintiff cites to California Code of Regulations, Title 2, section 11009(c), to support her wrongful termination cause of action. That regulation applies to employment discrimination claims like the provisions referenced above. However, because Plaintiff has failed to allege that the decision to terminate her was motivated by her membership in any protected class, her claim under the regulation also fails.

Because Plaintiff's allegations are too vague to state a claim, the Court DISMISSES Plaintiff's cause of action for wrongful termination in violation of public policy.

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted). Here, no amendment can revive the Complaint because Plaintiff cannot establish that

her termination violated public policy.[1]  The Court already granted leave to amend once to clarify the legal bases to support her claim, and she has failed to do so.  Accordingly, the Court GRANTS SWA's motion in full and **DISMISSES the action WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: January 31, 2025

                                                                                       _____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] Indeed, Plaintiff concedes in the FAC that Southwest terminated Plaintiff after she tested positive for cocaine.  FAC ¶¶ 23-25.

3